IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA M. HAGERMAN, and | : | CIVIL ACTION NO. **4:CV-12-0919** |
| HOWARD R. HAGERMAN, a/k/a | : | |
| BILL HAGERMAN, wife and husband, | : | |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ANADARKO E & P CO., LP, | : | |
| JIM BOURBEAU LAND SERVICE, LLC, | : | |
| and DAVID K. SHIPE, a/k/a DAVE SHIPE, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

The above action was filed on May 16, 2012, by Plaintiffs Linda M. Hagerman and Howard R. Hagerman, through counsel. (Doc. 1). Plaintiffs attached Exhibits to their Complaint, Exs. A-F.[1] Defendants are Anadarko E & P Co., LP "Anadarko," Jim Bourbeau Land Service, LLC ("Bourbeau"), and David K. Shipe. In their Complaint, Plaintiffs raise eleven (11) Counts and basically allege that Defendants filed a fraudulent oil and gas lease with respect to their 233.67 acre property located in Cascade Township, Lycoming County, Pennsylvania. In particular, Plaintiffs allege that Plaintiff Linda Hagerman did sign an oil and gas lease with Defendant Anadarko on May 27, 2006, but that

---

[1]The Court can consider Plaintiffs' Exhibits submitted with their Complaint for present purposes. *See Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

the lease Defendant Anadarko filed with the Lycoming County, Pennsylvania, Recorder of Deeds was fraudulent and not the lease they signed.

Jurisdiction of this Court is alleged to be based upon diversity of citizenship under 28 U.S.C. §1332(a). As this is a case based upon diversity jurisdiction of this Court, 28 U.S.C. § 1332, we apply Pennsylvania law. *See Moore v. Kulicke & Soffa Industries, Inc.*, 318 F.3d 561, 563 (3d Cir. 2003).

Plaintiffs served Defendants with their Complaint. On September 4, 2012, Defendant Bourbeau filed its Answer to Plaintiffs' Complaint with Affirmative Defenses. (Doc. 15). Also, on September 4, 2012, Defendant Anadarko filed a Motion for Partial Dismissal of Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Plaintiffs' claim in Count V of their Complaint alleging that Defendant Anadarko violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1, *et seq.,* failed to state a claim. (**Doc. 16**). On September 18, 2012, Defendant Anadarko filed its brief in support of its Motion for Partial Dismissal with attachments. (Doc. 17). On October 2, 2012, Plaintiffs filed their opposition brief to Defendant Anadarko's Motion for Partial Dismissal. (Doc. 21). Defendant Anadarko filed its reply brief with an attachment on October 16, 2012.[2] (Doc. 23).

After being granted an extension of time, on October 10, 2012, Defendant Shipe filed his Answer to Plaintiffs' Complaint with Affirmative Defenses and Cross Claims against Defendants Anadarko and Bourbeau. (Doc. 22). Defendants Anadarko and Bourbeau both requested and

---

[2]Defendant Anadarko's attachments to its briefs are copies of unpublished opinions on which it relies.

were granted extensions of time until November 14, 2012, to file their Answers to Defendant Shipe's Cross Claims against them. (Docs. 26 & 27).

Defendant Anadarko's Motion is ripe for disposition.[3]

## II. Allegations of Count V of the Complaint.

In Count V of their Complaint, Plaintiffs aver that Defendants[4] committed various unfair, deceptive and unconscionable acts and practices in violation of the UTPCPL, 73 P.S. §201-2(4), regarding the oil and gas lease Linda Hagerman signed on May 27, 2006, with respect to their 233.67 acre property located in Cascade Township, Lycoming County, Pennsylvania. Plaintiffs allege that Defendants made false misrepresentations regarding the material terms of their oil and gas lease agreement and, that Defendants falsified the lease agreement by attaching the signature page Plaintiff Linda Hagerman signed to a new and materially different lease document. (Doc. 1, pp. 24-29). Specifically, Plaintiffs aver that "Defendants unilaterally and without Plaintiffs' consent altered Plaintiffs' lease from a five (5) year primary term with a right of first refusal to a renew at negotiated competitive commercial terms, to a five (5) year primary term with an option to renew the lease for an additional five (5) years at the same per acre lease rate contracted for in 2006." (*Id.*, p. 26, ¶ 151). Plaintiffs aver that the original per acre lease rate in 2006 for their parcel was $19,861.95 and that the per acre lease rate at the time the original, unaltered lease expired on May 12, 2011, was believed to be between $584,175.00 and $1,343,602.50 for their parcel. (*Id.*, p. 27,

---

[3]The undersigned has been assigned this case for pre-trial matters.

[4]We construe Plaintiffs as referring to all three (3) Defendants in Count V.

¶ 153). Further, Plaintiffs allege that Defendant Anadarko intentional recorded the falsified lease with the Lycoming County Recorder of Deeds as if it were the original oil and gas lease actually signed by Linda Hagerman. (*Id.*, p. 27, ¶ 154). Plaintiffs state that they justifiably relied upon the misrepresentations of Defendants regrading ther terms of their lease. (*Id.*, p. 28, ¶ 163).

Additionally, Plaintiffs allege that Defendant Anadarko refused to record a Release of the falsified lease it recorded with the Lycoming County Recorder of Deeds to clear title to Plaintiffs' title to their 233.67 acre property located in Cascade Township even though Anadarko knew that the lease it recorded was materially altered without Plaintiffs' knowledge and consent. (*Id.*, p. 27, ¶ 155-156). Plaintiffs also allege that a representative of Defendant Anadarko made deceptive and fraudulent statements regarding the poor quality of Plaintiffs' property for oil and gas development and production in order to convince Plaintiffs to accept a lease acreage price below fair market value. Moreover, Plaintiffs aver that the fraudulent and deceptive conduct of Defendants created the appearance that their 233.67 acre property located in Cascade Township was encumbered by a valid lease which deterred third party oil and gas leasing companies from negotiating with them. (*Id.*, p. 28, ¶'s 158-162).

As relief in Count V, Plaintiffs seek compensatory and punitive damages against Defendants. (*Id.*, p. 29).

### III. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's

decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

**IV. Discussion.**

As stated, Defendant Anadarko has moved to dismiss Count V of Plaintiffs' Complaint, which as detailed above, alleges that Defendants[5] violated the UTPCPL. We thus must address the issue of whether the Plaintiffs' Count V under the Pennsylvania UTPCPL states a claim for which relief can be granted. In its Motion to Dismiss, Defendant Anadarko argues, in part, that Count V of Plaintiffs' Complaint fails to state a cause of action and that this Count should be dismissed under Fed. R. Civ. P. 12(b)(6) since Plaintiffs failed to allege that Linda Hagerman signed the oil and gas lease "primarily for personal, family or household purposes" as required for a private action under the UTPCPL, 73 P.S. §201-9.2(a).

"In 1976, 73 P.S. §201-9.2 was added ... to expressly provide parties victimized by practices prohibited thereby with a private cause of action against those who victimized them." *In re Barker*, 251 F.R. 250, 261 (E.D. Pa. 2000)(citation omitted). Further, "73 P.S. §201-9.2(a) is often the only section that specifically provides a private cause of action to aggrieved consumers ... ." *Id*. The UTPCPL allows a private action to be filed under 73 P.S. §201-9.2(a) by "[a]ny person who purchases or leases goods or services **primarily for personal, family or household purposes** and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act of practice declared unlawful by section 3 of this act [§201-3], may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater." (emphasis added). The UTPCPL does not define "purchaser" or

---

[5]While Plaintiffs repeatedly refer to "Defendants" in Count V, they only specifically mention Defendant Anadarko in this count.

6

"household purpose." *See Balderston v. Medtronic Sofamor Danek, Inc*., 285 F.3d 238, 241 (3d Cir. 2002). The UTPCPL "unambiguously permits only persons who have purchased or leased goods or services to sue." *Id*.(citation omitted). The UTPCPL "protects consumers of goods and services from unfair or deceptive trade practices or acts." *Smith v. Commercial Banking Corp*., 866 F.2d 576, 581 (3d Cir. 1989). The UTPCPL attempts to put sellers and consumers on a level playing field. *Id*. the UTPCPL is to be liberally construed. *Keller v. Volkswagen of America, Inc*., 733 A.2d 642, 646 (Pa.Super. 1999). Plaintiffs can also seek treble damages, attorney fees and costs under 73 P.S. §201-9.2(a).

An individual must establish the following elements to raise a private action under the UTPCPL: "1) that he or she is a purchaser or lessee; 2) that the transaction is dealing with 'goods or services'; 3) that the good or service was primarily for personal, family, or household purposes; and 4) that he or she suffered damages arising from the purchase or lease of goods or services." *Keller v. Volkswagen of America, Inc*., 733 A.2d at 646(citing 73 P.S. §201-9.2).

Thus, "[t]he UTPCPL prohibits '[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce ... .' "73 P.S. §201-3." *Portis v. River House Assoc., L.P.*, 498 F.Supp2d 746, 751 (M.D. Pa. 2007). The *Portis* Court stated that "the UTPCPL clearly permits private actors to bring suit only when they purchase or lease goods or services[]" primarily for personal, family or household purposes and, that "it is well-established that the UTPCPL applies to residential leases ... ." *Id*. at 752(citation omitted). Additionally, "[t]he UTPCPL is designed to protect the public from fraud and deceptive business practices." *Novinger Group, Inc. v. Hartford Ins., Inc*., 514 F.Supp.2d 662, 670 (M.D. Pa. 2007)(citations omitted).

"Whether a purchase is for personal, family or household purposes depends on the '*purpose* of the purchase, not the *type of product purchased*.'" *Id*.(citation omitted)(emphasis in original). If a Plaintiff fails to allege that he purchased or leased goods or services for "personal, family or household purposes," he lacks standing to raise a cause of action under the UTPCPL. *Id*.(citations omitted).

In the present case, we agree with Defendant Anadarko that in Count V, Plaintiffs have failed to allege that Linda Hagerman signed the oil and gas lease with it "primarily for personal, family or household purposes." Plaintiffs state that their allegations are sufficient in Count V, when read in the context of their entire Complaint, to state a claim under the UTPCPL since they aver that Linda Hagerman signed an oil and gas lease with Defendant Anadarko with respect to their 233.67 acre property, which had a cabin on it, and since it is clear from their pleading that Linda signed the lease in her individual capacity. Plaintiffs cite to three paragraphs in their Complaint to support their contention, namely, ¶'s 11, 16 and 44. We concur with Defendant Anadarko that "[n]one of these allegations address why Ms. Hagerman signed the lease or whether she entered into the lease for any particular purpose." (Doc. 23, p. 5). Also, as Defendant Anadarko correctly point out (*Id*., p. 6), simply because Linda Hagerman signed the oil and gas lease in her individual capacity does not indicate what the primary purpose of the lease was and whether it was a business investment or a consumer transaction. Further, we agree with Defendant Anadarko (Doc. 23, pp. 7-10) that Plaintiffs' Complaint does not sufficiently state the other required elements of a private action under the UTPCPL as delineated by the Court in *Keller v. Volkswagen of America, Inc.*, 733 A.2d at 646.

Thus, we find that Plaintiffs have not satisfied the threshold element required to bring a private action under the UTPCPL since they failed to allege facts that the oil and gas lease was "primarily for personal, family or household purposes." As such, we shall recommend that Defendant Anadarko's Motion to Dismiss Count V of Plaintiffs' Complaint be granted and that this Count be dismissed without prejudice.[6] Based on the above discussion, we do not find at this time that it would be futile for Plaintiffs to seek leave of court to file an Amended Complaint with respect to their UTPCPL claim in Count V. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v.*

---

[6]Defendant Anadarko also argues that Plaintiffs' UTPCPL claim should be dismissed since they failed to allege facts showing that Linda Hagerman signed a lease for "goods and services" and that Plaintiffs do not have standing to bring a private action under the UTPCPL since Ms. Hagerman was not a purchaser or lessee. The parties concur that there is no controlling cases regarding the issue of whether an oil and gas lease is a lease for "goods or services" for purposes of §201-9.2(a) of the UTPCPL. Also, Defendant Anadarko states that Plaintiffs are not purchasers or consumers of goods or services. Defendant Anadarko states that Plaintiffs have not cited to any case in which the court found that §201-9.2 permits a claim by a lessor on a lease contract.

We note that in *Wise v. American General Life Ins. Co.*, 2005 WL 670697, *7 (E.D. Pa.), the Court indicated that a private right of action under the UTPCPL was limited, and stated that:
> Clearly, § 201-9.2 was drafted to provide a private right
> of action to a circumscribed class of consumers injured by
> unlawful or deceptive trade practices, relying on actions by
> the attorney general to remedy practices affecting other members
> of the public-at-large, including potential consumers. *See Lauer*,
> 1989 W 206448 at * 2.

However, since we find that Plaintiffs have failed to satisfy the first requirement to assert a private action under the UTPCPL, we do not address herein these two other stated issues raised by Defendant Anadarko. We recognize that if Plaintiffs file a motion for leave of court to file an amended pleading with respect to Count V, these issues may be reasserted as to whether any amendment of their UTPCPL claim would be futile. Nonetheless, at this time, Plaintiffs have not filed a proper motion for leave of court to file an amended pleading with respect to Count V.

*Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)(The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004).

We agree with Defendant Anadarko (Doc. 23, pp. 3-4) that while Plaintiffs simply request (Doc. 21, p. 14) the court to allow them to amend their Complaint with respect to their UTPCPL claim if it determines that they failed to state sufficient facts, Plaintiffs must file a motion for leave of court to amend their Count V. We find that Plaintiffs' ability to amend their original Complaint with respect to Count V once as a matter or course sans a motion, lapsed since it is now well more than 21 days after Defendant Anadarko filed its Rule 12(b)(6) Motion to Dismiss. (Doc. 16). At this posture of the case, Plaintiffs cannot simply file an Amended Complaint without seeking leave of court to do so.

Since Plaintiffs seek to file an Amended Complaint more than 21 days after Defendant Anadarko's Motion to Dismiss, we find that Plaintiffs must file a Motion for Leave to file an Amended Complaint, together with their proposed Amended Complaint and a support brief. *See* Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule 15.1, M.D. Pa.; *see also* Rule 15(a)(1)(B).[7]

---

[7]Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings and provides as follows:

> **(a) Amendments Before Trial**
>   **(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>
>   **(A) 21 days** after **serving** it, or

Accordingly, we shall recommend that Defendant Anadarko's Motion to Dismiss Count V of Plaintiffs' Complaint (Doc. 16) be granted and that Count V be dismissed without prejudice.

**V. Recommendation.**

Based on the foregoing, it is respectfully recommended that Defendant Anadarko's Motion to Dismiss Count V of Plaintiffs' Complaint (**Doc. 16**) be granted and that Count V be dismissed without prejudice. It is also recommended that this case be remanded to the undersigned for further proceedings.[8]

 

                    s/ Thomas M. Blewitt
                    **THOMAS M. BLEWITT**
                    **United States Magistrate Judge**

**Dated: November 15, 2012**

---

> **(B)** if the pleading is one to which a responsive pleading is required, **21 days** after service of a responsive pleading or **21 days** after service of a **motion** under **Rule 12(b)**
>
> **(2)** ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the **court's** leave. The **court** should freely give leave when justice so requires.

*See Santos, supra.*

[8]If our Report and Recommendation is adopted, Defendant Anadarko will be directed to file an Answer to Plaintiffs' remaining Counts in their Complaint. The case will then be set for a scheduling conference.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA M. HAGERMAN, and | : | CIVIL ACTION NO. **4:CV-12-0919** |
| HOWARD R. HAGERMAN, a/k/a | : | |
| BILL HAGERMAN, wife and husband, | : | |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ANADARKO E & P CO., LP, | : | |
| JIM BOURBEAU LAND SERVICE, LLC, | : | |
| and DAVID K. SHIPE, a/k/a DAVE SHIPE, | : | |
| | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 15, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

                                              s/ Thomas M. Blewitt
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: November 15, 2012**